# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHNNA MCGEE,

    Plaintiff,

    v.                                          Case No. 09-C-0226

COUNTRYWIDE BANK, N.A., and
JOHN DOES
 Sued as DOES 1-5,

    Defendants.

## ORDER

## NATURE OF CASE

On March 3, 2009, plaintiff Johnna McGee filed this action against defendant Countrywide Bank, N.A.[1] and five unnamed John Does. She seeks to rescind a mortgage and recover damages for an alleged violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and implementing Federal Reserve Board Regulation Z, 12 C.F.R. Part 226. Specifically, she alleges that defendant Countrywide failed to provide her with two copies of the notice of her three-day right to cancel the loan as required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226(b). As a result of the defendant's alleged failure to deliver the proper notices, she maintains that she can rescind her loan up to three years from the date the loan closed.

The Bank of America N.A. (as successor to Countrywide Bank, F.S.B. f/k/a Countrywide Bank N.A.) has moved to dismiss the plaintiff's claim for rescission of a loan pursuant to Fed. R. Civ. P. 12(b)(6). The defendant asserts that the complaint is subject to dismissal because

---

[1] In its motion to dismiss, the defendant is represented as "defendant Bank of America, N.A. (as successor to Countrywide Bank, F.S.B., f/k/a Countrywide Bank N.A.)." See Bank of America N.A.'s Motion to Dismiss Plaintiff's Complaint at 1).

the plaintiff's rescission claim is barred by the three year statute of repose set forth in 15 U.S.C. § 1635(f). On October 21, 2009, the plaintiff filed a motion for leave to submit additional authority in opposition to the defendant's motion to dismiss. (Docket #17). These motions will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### Facts and Background

On February 23, 2006, plaintiff Johnna McGee obtained a loan from the defendant, Countryside Bank, in the amount of $153,100.00, which she used to refinance an old loan on her principal residence. (Complaint, ¶¶ 5-8). The plaintiff alleges that at the closing she received only one copy of the federal Notice of Right to Cancel the loan rather than the two copies required under TILA, 15 U.S.C. § 1635(a). Id. ¶¶ 9, 16. She further alleges that she never received additional copies of the Notice of Right to Cancel from the defendant or anyone else at any time and that the defendant's failure to provide proper notice entitles her to rescind her loan. Id. ¶¶ 10, 16. On about November 9, 2006, the plaintiff refinanced her loan with the defendant. Id. ¶ 11. On February 6, 2009, the plaintiff mailed a written notice of rescission to the defendant. Id. ¶ 19. The plaintiff alleges that more than twenty days passed since she

- 2 -

mailed the written notice of rescission and that the defendant refuses to rescind the loan. Id. ¶¶ 20-21.

To enforce rescission, the plaintiff filed suit on March 3, 2009, against the defendant Bank. The plaintiff alleges that the defendant's failure to rescind the loan entitles her to recover "all money paid to Countrywide in connection with the loan that was not applied to the principal amount of the loan or escrowed for property taxes or homeowner's insurance" plus statutory damages and attorney's fees. (Complaint at 6).

On May 18, 2009, the defendant filed this instant motion to dismiss the plaintiff's claim for rescission. The defendant asserts that even if the plaintiff could establish that she did not receive the correct number of notices, this suit is barred by the statute of repose set forth in 15 U.S.C. § 1635(f) because the suit was filed more than three years after the February 26, 2006 loan closing. The issue before this court is whether a consumer, who provides timely written notice of rescission to a creditor, is also required to file a lawsuit seeking to enforce rescission within the three year statutory period.

## **Applicable Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements

- 3 -

of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead herself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. See EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). For example, if the factual allegations in the complaint establish that a lawsuit is indisputably time-barred, the court must grant the defendant's 12(b)(6) motion to dismiss. See Clark v. City of Braidwood, 318 F.3d 764, 767 (7th Cir. 2003).

**Analysis**

The purpose behind the enactment of TILA was to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms

- 4 -

available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Accordingly, TILA requires creditors to "clearly and conspicuously" disclose the borrower's rights and provide appropriate forms for the borrower to exercise his right to rescind. 15 U.S.C. § 1635(a). A borrower whose loan is secured with a "principal dwelling" has the right to rescind a loan transaction in its entirety during the three-day cooling off period directly proceeding the closing of the loan. Id. ("[T]he [borrower] shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction.)". In the event that a borrower does timely elect to rescind a loan, the creditor has an obligation, within twenty days, to "return to the [borrower] any money or property given as earnest money, downpayment, or otherwise, and . . . take any action necessary or appropriate to reflect the termination of any security interest created under the transaction." 15 U.S.C. § 1635(b). In Handy v. Anchor Mortgage Corp., 464 F.3d 760, 765 (7th Cir. 2006), the court explained that rescission includes "a right to return to the status quo that existed before the loan," putting the borrower back in the position that she occupied prior to the loan transaction.

If a creditor fails to honor a valid rescission request, the creditor is subject to actual and statutory damages. 15 U.S.C. § 1640(a) ("any creditor who fails to comply with any requirement imposed under this chapter" including under section 1635 "with respect to any person is liable to such person" for actual damages and for "the costs of the action, together with a reasonable attorney's fee as determined by the court"). An action alleging damages for failure to comply with a requirement imposed under § 1635 must be brought within one year from the alleged violation. 15 U.S.C. § 1640(e). The date of the alleged violation for a claim of failure to properly respond to a rescission notice is the earlier of when the creditor refused to rescind the loan, or twenty days after the creditor received written notice of rescission. In re Hunter, 400 B.R. 651,

- 5 -

657 (Bankr. N.D. Ill. 2009) (citing Velazquez v. HomeAmerican Credit, Inc., 254 F.Supp.2d 1043, 1048 [N.D. Ill. 2003]).

Creditors are required to "deliver two copies of the notice of the right to rescind" to borrowers. 12 C.F.R. § 226.23(b)(1) ("Regulation Z") (a subsection of TILA's implementing regulations). If the creditor does not adequately inform the borrower of the right to rescind, the right is extended from three days up until the creditor provides the required notices and disclosures, or three years from the date the loan closed, whichever is sooner. 15 U.S.C. § 1635(a), (f); Andrews v. Chevy Chase Bank, 545 F.3d 570, 573 (7th Cir. 2008).

Section 1635(f), which sets forth the time limit for a borrower's right to rescind, states that the borrower's "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter . . . have not been delivered to [the borrower]." 15 U.S.C. § 1635(f). If a borrower exercises the right to rescind during this extended period, a creditor's refusal of rescission within twenty days after receipt of written notice gives rise to a potential violation of TILA. See 15 U.S.C. § 1635(b).

The Supreme Court characterized U.S.C. § 1635(f) as a statute of repose, holding that it permits no right to rescind, defensively or otherwise, beyond the three year limitation period. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998). As stated in Beach, "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Id. at 412. The Court intended for the underlying federal right of rescission, not just the exercise of that right, to be precluded after the prescribed time:

> Section 1635(f). . .takes us beyond any question whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well. The subsection says nothing in terms of bringing an action but instead provides that the right of rescission. . .shall expire at the end of the time period.

Id. at 417. One issue the Court did not reach is how borrowers exercise the right to rescind a loan under TILA. Beach established that § 1635(f) completely extinguishes the right to rescind after the three year period expires, but "makes no reference to when a suit for rescission based on a violation of § 1635 must be commenced." In re Hunter, 400 B.R. at 660 (citing Beach, 523 U.S. at 417).

"Regulation Z" and 15 U.S.C. § 1635(a) detail the method by which a borrower may exercise the right to rescind. Under 15 U.S.C. § 1635(a), rescission is accomplished "by notifying the creditor, in accordance with regulations[,]. . .of. . .intention[s] to do so." To provide notice in accordance with regulations, "the [borrower] shall notify the creditor of the rescission by mail, telegram, or other means of written communication. Notice is considered given when mailed." 12 C.F.R. § 226.23(a)(2). The plain language suggests that notice of the borrower's intention to rescind the loan is effective upon timely submission to the creditor of a written demand. See Hubbard v. Ameriquest Mortgage Co., 2008 WL 4449888, at *7 (N.D. Ill. Sept. 30, 2008) (determining that rescission takes place automatically upon notice to creditor).

In this case, accepting as true the allegation that the plaintiff had three years from the February 26, 2006, closing date to rescind, the letter dated February 6, 2009, constitutes sufficient written notice. The text of 15 U.S.C. § 1635 and Regulation Z do not require the creditor to accept the notice, nor do they require a borrower to commence a lawsuit in order to effectuate rescission. See Jackson v. CIT Group/Consumer Finance, Inc., 2006 WL 3098767,

- 7 -

at *2 (W.D. Pa. Oct. 30, 2006). Interpreting otherwise would "reward creditors for failing to take the steps upon receipt of notice of rescission set forth in 15 U.S.C. § 1635(b)." Id.

The plaintiff relies on the plain meaning of the text when concluding that rescission takes place automatically upon notice to the creditor. There is some support for this position in the Seventh Circuit, but not all courts agree.

The Court of Appeals for the Seventh Circuit has not expressly addressed whether rescission takes place automatically upon notice to the creditor. However, courts cite Handy for the proposition that timely written notice is sufficient to effectuate rescission. See Hubbard, 2008 WL 4449888, at *7; In re Hunter, 400 B.R. at 660. The problem with this is that the plaintiff in Handy brought an action against the creditor only *two* years after entering into the loan, well within the three year period, and thus, the court did not need to reach the issue of whether § 1635(f) limits a borrower's right to file suit beyond three years. 464 F.3d at 761. In Hubbard, the court held that timely written notice to the lender terminated the transaction itself and was effective against the assignee, even though the assignee was not added as a defendant to the pending suit until after the three year period expired. 2008 WL 4449888, at *5 (citing Handy, 464 F.3d at 765 for the proposition that "[b]y giving notice to [the lender] within the three year period, Plaintiff timely exercised his . . . right to "rescind the transaction" . . . and to "return to the status quo that existed before the loan").

In re Hunter has an almost identical fact pattern to the instant case. That case relied on its reading of Handy that "rescission takes place automatically upon notice to the creditor" when it ruled that a borrower need only give proper written notice within the three year period to effectuate rescission. 400 B.R. at 660 (citing Handy, 464 F.3d at 765).

- 8 -

Courts acknowledge that "[t]wo schools of thought have emerged" on the issue of whether a lawsuit for rescission is time barred if filed after the three year period set forth in § 1635(f). In Re Thomas, 2008 WL 5412113, at *7 (Bankr. E.D. Pa. Oct. 17, 2008). Some courts, many of which are cited by the defendant in this case, require the borrower to file suit for rescission within three years. See Id.; Madura v. Countrywide Home Loans, Inc., 2008 WL 2856813, at *13 (M.D. Fla. July 22, 2008) (finding rescission claim barred by time despite borrower's timely written notice); Nix v. Option One Mortgage Corp., 2006 WL 166451, at *6 (D.N.J. Jan. 19, 2006) (dismissing claim for rescission where plaintiff notified defendant within three days of closing, but did not file claim for almost seven years); Kamara v. Michael Funding LLC, 379 F.Supp.2d 631, 634 (D. Del. 2005) (in dicta) (drawing inference that plaintiff provided timely notice of rescission is not enough to preserve a rescission claim after three year period expires); Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (stating that § 1635(f) is an "absolute limitation on rescission actions," barring all claims filed more than three years after closing); Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 505 (3rd. Cir. 1998) (reading Beach to hold "that Congress explicitly linked the right and the remedy in [§ 1635(f)], and therefore the right to sue expired at the end of the [three year] period"); Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 902 (3rd Cir. 1990) (in dicta) ("Under 15 U.S.C. § 1635(f) a borrower has three years after the date of [closing] within which to bring an action for rescission").

The problem with many of these cases used to support the defendant's motion is that they are factually distinct. In Beach, the only case cited that is binding on this court, the plaintiff did not attempt to timely rescind the loan prior to filing suit after the three year period expired.

- 9 -

See 523 U.S. at 417-18. Similar to Beach, other courts have not had reason to address the issue at hand. See, e.g., Kamara, 379 F.Supp.2d at 634 (plaintiff made no attempt to send a written notice of rescission before filing suit six years after closing); Fidelity, 898 F.2d at 903 (plaintiff not only sent written notice of rescission, but also initiated suit within three years). In this case, the plaintiff filed suit within a month of sending written notice of rescission, making Nix, where the plaintiff waited almost seven years, less persuasive. 2006 WL 166451, at *6. Finally, Ramadan was concerned with the tolling of TILA's statute of limitations for damages pursuant to 15 U.S.C. § 1640(e), not the tolling of the statute of repose pursuant to § 1635(f), and as such, the court's discussion of Beach in dicta does not carry much weight. See 156 F.3d at 505.

The other "school of thought" that has emerged does not bar a suit to enforce rescission, even if filed after the three year period, so long as the borrower timely exercised the right to rescind. See Wells Fargo Bank, 2008 WL 5412113, at *7. Courts that have addressed circumstances similar to the present case, where a borrower sent written notice of rescission within three years, but filed suit to enforce it after the three years expired, have found the suits to be timely. See In re Hunter, 400 B.R. 651 at 662 ("Where the [borrower] timely elected to rescind the loan, § 1635(f) is not a limitation on the filing of suit to enforce that right"); CIT Group/Consumer Finance, Inc., 2006 WL 3098767, at *2 (ruling that since plaintiff's notice to rescind was timely, the subsequent suit, filed more than three years after plaintiff sent notice, was not barred by time); Johnson v. Long Beach Mortgage Loan Trust, 451 F.Supp.2d 16, 40-41 (D.D.C. 2006) (ruling that rescission action must be filed within one year after creditor refuses to honor a rescission notice); In re Ralls, 230 B.R. 508, 512 (Bankr. E.D. Pa. 1999) ("§ 1635 makes no reference to when a suit . . . must be commenced," requiring only notice of rescission within three years). In other words, "[t]he three-year period limits only the consumer's right to

rescind, not the consumer's right to seek judicial enforcement of the rescission." In re Hunter, 400 B.R. 651 at 662 (quoting Elizabeth Renuart & Kathleen Keest, TRUTH IN LENDING § 6.3.2.1 [National Consumer Law Center, 6th ed. 2007 & Supp. 2008]).

According to TRUTH IN LENDING, if a creditor fails to respond to a timely rescission notice, the borrower should have a year thereafter to file suit and seek enforcement. § 6.3.2.1. A number of courts, including the Northern District of Illinois, have so ruled. See In re Hunter, 400 B.R. 651 at 662. This protects the borrower by preventing the creditor from being able to ignore a rescission notice and wait out the three year limitation period while also addressing the defendant's concern that "at some point, [creditors] have the right to be insulated from liability." (Defendant's Reply Brief in Support of Motion to Dismiss at 9). Under this line of reasoning, the plaintiff timely exercised her right to rescind by providing written notice within three years as required under § 1635(f). The defendant failed to timely respond and the plaintiff promptly filed suit within a few weeks, well before the right to enforce rescission expired.

Considering the plain meaning of the text of TILA, the purpose behind the statute to protect consumers, and the support within the Seventh Circuit, this court concludes that where a borrower provides timely written notice of rescission, § 1635 does not bar a subsequent suit to enforce rescission if filed within one year of the defendant's refusal to rescind. Viewing the facts in the plaintiff's favor and concluding that § 1635(f) is not a limitation on filing suit to enforce a timely exercised right, the defendant's motion to dismiss will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss the plaintiff's complaint be and hereby is **denied**. (Docket #10).

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to submit additional authority in opposition to the defendant's motion to dismiss be and hereby is **denied as moot** (Docket #17).

Dated at Milwaukee, Wisconsin this 2nd day of November 2009.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge